Slip Op. 00 - 148

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - - x
CRESCENT FOUNDRY CO. PVT. LTD. <u>et</u> <u>al</u>.,

        Plaintiffs,

    v.

UNITED STATES,         :   Court No. 95-09-01239

        Defendant,   :

     -and-

ALHAMBRA FOUNDRY INC. <u>et</u> <u>al</u>.,

       Intervenor-Defendants.

- - - - - - - - - - - - - - - - - - - - x

<u>Memorandum & Order</u>

[Upon plaintiffs' renewed motion, remand to
 the International Trade Administration.]

Dated: November 9, 2000

   <u>Cameron & Hornbostel LLP</u> (<u>Dennis James, Jr</u>.) for the plain-
tiffs.

   <u>David W. Ogden</u>, Assistant Attorney General; <u>David M. Cohen</u>,
Director, and <u>Velta A. Melnbrencis</u>, Assistant Director, Commer-
cial Litigation Branch, Civil Division, U.S. Department of Jus-
tice; and Office of Chief Counsel for Import Administration, U.S.
Department of Commerce (<u>Robert E. Nielsen</u>), of counsel, for the
defendant.

   <u>Collier Shannon Scott, PLLC</u> (<u>Paul C. Rosenthal</u> and <u>Robin H.
Gilbert</u>) for the intervenor-defendants.

    AQUILINO, Judge: The court is in receipt of a sub-

mission by the International Trade Administration, U.S. Depart-

ment of Commerce ("ITA"), encaptioned <u>Final Results of Redeter-</u>

<u>mination on Remand</u> and stated to be pursuant to the slip opinion

00-21, 24 CIT ___ (Feb. 18, 2000), filed herein, familiarity with

which is presumed.  This submission, which will be referred to
hereinafter as the "May 2000 Remand Results", is summarized by
the agency (at pages 1 and 19), in part, as follows:

> . . . Pursuant to the Court's remand instructions,
> the Department has recalculated the program rates
> for the subsidies conferred under section 80HHC of
> India's Income Tax Act (80HHC) and the company-spe-
> cific total ad valorem rates.  We have recalculated
> the rates, in conformity with the CAFC's September
> 8, 1998 opinion in Kajaria, using a methodology
> which ensures 1) that there is no "double-counting"
> of the subsidies that were provided in the form of
> Cash Compensatory Support (CCS) over-rebates and 2)
> that there is no countervailing of International
> Price Reimbursement Scheme (IPRS) rebates provided
> with respect to non-subject castings.  Finally, we
> have recalculated the all-others rate and determined
> the company-specific total ad valorem rates pursuant
> to the CAFC's . . . opinion.
>
> *    *    *
>
> The Department has recalculated the subsidy rates
> of the 80HHC program pursuant to the instructions of
> the CIT and in conformance with the opinion of the CAFC.

The plaintiffs deny this representation in lengthy
written comments which culminate in a request that this court

> (1) find that an adjustment for CCS over-rebates should
> be made in this review; (2) find that an adjustment for
> IPRS received by UMA Iron & Steel Co. should be made;
> (3) find that the Remand Results do not eliminate ei-
> ther the IPRS or the double-counting of the CCS over-
> rebates from the Section 80HHC subsidy, and, (4) . . .
> remand this matter with instructions that Commerce re-
> do the calculations to correctly implement the CAFC's
> and this Court's prior instructions.[1]

---

[1] Plaintiffs' comments are accompanied by a motion for oral
argument, which need not be granted, given the excellence of the
written submissions on the issues by all parties; ergo, that mo-
tion is hereby denied.

In <u>Kajaria Iron Castings Pvt. Ltd. v. United States</u>, Slip Op. 00-147 (Nov. 9, 2000), this court was constrained to remand peremptorily the ITA's <u>Final Results of Redetermination on Remand</u>, dated May 24, 2000 and filed in that related case, on the ground that that redetermination had not eliminated the influence of the IPRS or CCS rebates on the calculation of any §80HHC subsidy.

Since the <u>May 2000 Remand Results</u> filed herein are based upon the same agency reasoning, the same relief is necessary. Hence, for the reasons stated in slip op. 00-147 in <u>Kajaria</u>, this case is hereby remanded to the ITA for recalculation of the §80HHC subsidy by subtracting the IPRS rebates and CCS over-rebates from taxable income before determining any §80HHC benefit.

The defendant may have 30 days to carry out this remand and to report the results thereof to the court.

So ordered.

Dated: New York, New York
      November 9, 2000

                                                   _____
                                                       Judge